**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ARMANDO SERRANO-COLON,

Plaintiff,

v. Case No. 8:26-cv-1874-WFJ-NHA

FNU SCHMELTER, *et al.*,

Defendants.
_______________________________________/

# ORDER

Armando Serrano-Colon, a Florida prisoner proceeding *in forma pauperis*, filed a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Docs. 1, 5). In brief, Mr. Serrano-Colon alleges that he was "wrongly prosecuted" for burglary "without probable cause." (Doc. 1 at 5). Upon review, the Court concludes that the complaint must be dismissed without prejudice and with leave to amend. *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

First, the complaint is a shotgun pleading. A federal pleading violates the prohibition against "shotgun" pleadings if it "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). One category of shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "While [the Eleventh Circuit has] identified several pleading

deficiencies indicative of a 'shotgun pleading,' the underlying issue is one of substance, not form—that is, whether the complaint gave the defendants fair 'notice of the specific claims against them and the factual allegations that support those claims.'" *Charles v. GEO Grp. Inc.*, No. 22-13891, 2024 WL 1619911, at *2 (11th Cir. Apr. 15, 2024) (quoting *Weiland*, 792 F.3d at 1325).

Mr. Serrano-Colon's complaint is a shotgun pleading because it fails to specify the defendants he intends to sue and "which defendants are responsible for which claims." *Guillaume v. United States*, No. 24-13584, 2025 WL 2610053, at *4 (11th Cir. Sept. 10, 2025). The caption lists only two individuals as defendants—Deputy Schmelter of the Pasco County Sheriff's Office, and Paul John Beltram, the person who reported the alleged burglary to law enforcement. (Doc. 1 at 1-2). Elsewhere in the complaint, however, Mr. Serrano-Colon refers to "Defendant John or Jane Doe," an "Assistant State Attorney." (*Id.* at 4). Furthermore, Mr. Serrano-Colon dedicates a section of the complaint to an alleged due process violation that occurred when he was "never arrested" or "afforded another first appearance" after the trial judge gave the prosecution 24 hours to "find probable cause." (*Id.* at 8-9). In this section, Mr. Serrano-Colon refers to "Defendant Doe," but also claims that "the State" "never presented probable cause to the tribunal as promised." (*Id.*) Taken as a whole, the complaint fails to give "fair notice to the people [it] mention[s] about who [is] a defendant and what the claim or claims against them [are]." *Tran v. City of Holmes Beach*, 817 F. App'x 911, 916 (11th Cir. 2020). If Mr. Serrano-Colon chooses to amend, he must clearly identify the defendants he intends to sue and the claims he seeks to assert against them.

Second, to the extent Mr. Serrano-Colon intends to sue the Assistant State Attorney for money damages, any such claim is likely barred by prosecutorial immunity. "State prosecutors are entitled to absolute immunity from damages under [§] 1983 for all acts intimately associated with the judicial phase of the criminal process." *Mullinax v. McElhenney*, 817 F.2d 711, 714 (11th Cir. 1987). This includes "the initiation and pursuit of criminal prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). Thus, Mr. Serrano-Colon cannot proceed against the Assistant State Attorney on the allegation that he or she "never presented probable cause to the tribunal as promised." (Doc. 1 at 9; *see also Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1281 (11th Cir. 2002) (prosecutor "entitled to absolute immunity" for allegedly "charging [plaintiff] without probable cause")).

Third, any claim against the State of Florida would be barred by sovereign immunity. "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). "Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and the State of Florida has not waived sovereign immunity or consented to suit with respect to such actions." *Driessen v. Univ. of Miami Sch. of L. Child. & Youth L. Clinic*, 835 F. App'x 489, 492 (11th Cir. 2020). Thus, Mr. Serrano-Colon cannot proceed with a § 1983 claim against the State of Florida. *See Gross v. White*, 340 F. App'x 527, 530 (11th Cir. 2009) ("[Plaintiff's] claims against the State of Florida were properly dismissed based on sovereign immunity.").

Fourth, to proceed against Mr. Beltram (the person who reported the alleged burglary), Mr. Serrano-Colon must allege facts showing that Mr. Beltram acted "under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). "This is the so-called state action requirement, and it exists for a reason: to distinguish between individual misconduct, which is the province of state tort law, and government overreach, which is the province of the Constitution." *Sheets v. Woelk*, 817 F. Supp. 3d 1246, 1250 (M.D. Fla. 2026). Notably, "the mere act of reporting a suspected crime to the police is insufficient to establish state action . . . under § 1983." *Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 885 (11th Cir. 2011). "This is even the case if the report to law enforcement contains false information." *Harris v. Food Giant Supermarkets, Inc.*, No. 1:17-cv-286-WKW-DAB, 2017 WL 9732025, at *4 (M.D. Ala. Nov. 29, 2017), *adopted by* 2018 WL 1410838 (M.D. Ala. Mar. 21, 2018). Any claim against Mr. Beltram must plead facts showing that he "exercise[d] state power" in connection with the burglary investigation. *Sheets*, 817 F. Supp. 3d at 1254.

For these reasons, the complaint must be dismissed without prejudice. In light of his *pro se* status, the Court will give Mr. Serrano-Colon an opportunity to amend his complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

Accordingly, it is **ORDERED** that:

1. Mr. Serrano-Colon's complaint, (Doc. 1), is **DISMISSED without prejudice**.

   a. If Mr. Serrano-Colon wishes to amend, he shall file an amended complaint within **TWENTY-ONE DAYS** of the date of this order.

   b. To amend, Mr. Serrano-Colon should complete a new civil-rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Serrano-Colon's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

2. If Mr. Serrano-Colon fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Serrano-Colon must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change will result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Serrano-Colon the standard form for *pro se* prisoner complaints.

**DONE** and **ORDERED** in Tampa, Florida, on August 11, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**